4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BENZI CRAIG,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-061 |
| ARTHUR WOOD & SON, *ET AL.*,<br>*Defendants* | §<br>§<br>§ | |

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff Benzi Craig respectfully seeks an order remanding this action to state court pursuant to 28 U.S.C. § 1447. As explained further below, Plaintiff Craig is entitled to remand because the Notice of Removal filed by Defendant Marmaxx Operating Corp. d/b/a Marshalls ("Marshalls") is fatally defective. Specifically, Defendant Marshalls filed its Notice of Removal more than 30 days after Marshalls received actual service of both citation and a copy of Plaintiff's Original Petition. The Notice of Removal thus is ineffective because it violates the mandatory statutory 30-day time limit for removal.

## I. Background

1.    In October 2000 Craig was seriously burned while using an earthenware teapot manufactured by Defendant Arthur Wood & Son. The teapot catastrophically fractured while filled with hot water, causing burns to Craig's

midriff.  Craig had purchased the defective teapot at a Marshalls department store in Harlingen, Texas, a short time before the accident.

2.     On February 2, 2001 Craig filed a personal injury suit against Arthur Wood & Son and Marshalls in the State District Court of Cameron County, Texas.  On the same day the District Clerk of Cameron County, Texas transmitted citation and a copy of the Plaintiff's Original Petition to Defendant Marshalls via certified mail, return receipt requested.  (Clerk's Certificate of Delivery of Mail, citation and Plaintiff's Original Petition attached as Exhibit 1.)

3.     Marshalls received service of citation and Plaintiff's Original Petition via its registered agent for service of process on **February 20, 2001**.  (Domestic Return Receipt attached as Exhibit 2.)

4.     Marshalls filed its Defendant's Original Answer in the state district court on March 9, 2001. (Exhibit 3.)

5.     On March 20, 2001 Marshalls filed a "Notice of Filing Removal" in the state district court.  (Exhibit 4.)  The Notice of Filing Removal represented to the state court that Marshalls had filed a removal notice in the United States District Court for the Southern District of Texas, Brownsville Division.  In reality, Marshalls had not yet filed any removal notice in federal district court.

6.     Marshalls ultimately filed its Notice of Removal with this Court on **April 24, 2001**, over two months after the company received actual service of citation and Plaintiff's Original Petition.

CMPDF - www.fenrir.com

## II. The Notice of Removal Was Not Timely Filed

### A. Defendant Marshalls Had Thirty Days In Which To Seek Removal

7.     The procedure for removal is governed by 28 U.S.C. § 1446.  This and all removal statutes are to be strictly construed in favor of remand and against removal.  *See, e.g., Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (removal statute should be construed narrowly with any doubt construed against removal).

8.     Section 1446(a) provides that a defendant desiring to remove an action from a state court shall "file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."  Section 1446(b) then establishes a strict 30-day deadline for filing such a notice of removal:

> **§ 1446 Procedure for removal.**
>
> (b)  The notice of removal of a civil action or proceeding shall be filed **within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter . . .

(emphasis added).  The Supreme Court recently confirmed that under § 1446(b), "if the summons and complaint are served together, the 30-day period for removal runs at once."  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 355, 354 (1999).

9.     In keeping with the strict construction and application of the removal statutes, the 30-day removal period established in § 1446(b) is mandatory; the

period cannot be extended by consent of the parties or even by court order. *See, e.g.,* *Cook v. The Travelers Companies*, 904 F.Supp. 841, 842 (N.D. Ill. 1995) (30-day deadline is mandatory and may not be extended; granting motion to remand where defendant filed notice of removal after expiration of 30-day deadline); *Moody v. Commercial Ins. Co. of Newark*, 753 F.Supp. 198, 202 (N.D. Tex. 1990) (noting that while the requirement for timely filing a petition for removal is not jurisdictional, it is mandatory). Thus Marshalls was required to file its notice of removal with this Court no later than 30 days after the company received actual service of citation and Plaintiff's Original Petition.

### B. Marshalls Failed To Meet Its Thirty-Day Removal Deadline

10.     As established above, Defendant Marshalls received actual service of citation together with Plaintiff's Original Petition on **February 20, 2001**. (*See* Exhibits 1 and 2.[1]) Marshalls thus had 30 days from February 20, 2001 in which to seek removal, resulting in a final removal deadline of **March 22, 2001**. As reflected in the Court's file, however, Marshalls's Notice of Removal was not filed until **April 24, 2001**. Thus Marshalls did not file its removal notice with this Court until some 63 days after Marshalls received actual service of Craig's citation and Plaintiff's Original Petition, making the Notice of Removal 33 days late and terminally defective under the mandatory deadline imposed by § 1446(b).

---

[1] Marshalls also expressly acknowledges receipt of service on February 20, 2001 in paragraph 9 of its Notice of Removal. In the same paragraph Marshalls further admits that "the first day that this case became removable was on or about February 20, 2001."

11.   By its failure to file a timely notice of removal pursuant to the strict and mandatory requirements of § 1446(b), Marshalls has waived any right to remove this action. The suit therefore must be remanded to state district court.

## III.  Plaintiff Craig Is Entitled To Recover Her Costs, Expenses and Attorney Fees

12.   Craig is authorized by statute to recover her costs, expenses and attorney fees incurred in seeking and obtaining remand.  In particular, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  An award pursuant to § 1447(c) does not require a finding that Defendant Marshalls removed this action in bad faith or for an improper purpose. *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  Rather, the issue is whether Marshalls had objectively reasonable grounds to believe the removal was legally proper. *Valdes*, 199 F.3d at 293.  Section 1447(c) does not impose sanctions, but permits the shifting of costs so as to make a victorious party whole. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

13.   As demonstrated, Marshalls filed its Notice of Removal with this Court on April 24, 2001, some 63 days after Marshalls received Craig's citation and Plaintiff's Original Petition.   Under such circumstances Marshalls lacked objectively reasonable grounds to conclude that it could remove the action in a timely manner. Thus Plaintiff should be awarded her just costs and expenses in the total amount of

$750.00, as reflected in the accompanying affidavit of Edward E. Robinson, attached as Exhibit 5.

Wherefore, Plaintiff Benzi Craig requests that the Court enter an order remanding the action to the state court from which it was removed, granting Craig recovery of her just costs and expenses, and granting such other relief to which she may be entitled.

Respectfully submitted,

Edward E. Robinson
State Bar No. 17089100
Fed. I. D. No. 11600
Attorney-in-Charge for Plaintiff Benzi Craig
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030   (956)421-4339 (Fax)

OF COUNSEL:
THE FLEURIET SCHELL LAW FIRM LLP
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030   (956)421-4339 (Fax)

ATTORNEYS FOR PLAINTIFF CRAIG

**CERTIFIED COPY**

CERTIFIC_..E OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

I hereby certify that on the __2nd__ of

__FEBRUARY__ __2001__, I mailed to

__MARAMAXX OPERATING CORP.__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __1700901619__

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__ , District Clerk
Cameron County, Texas

BY _____ , Deputy

Case 1:01-cv-00061   Document 4   Filed in TXSD on 05/23/2001   Page 8 of 31

Citation for Personal Service  - BY CERTIFIED MAIL      **CERTIFIED COPY**
Lit. Seq. # 5.003.01

**ORIGINAL**

No. 2001-02-000594-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: MARAMAXX OPERATING CORP.
BY SERVING IT'S REGISTERED
AGENT: C.T. CORPORATION SYSTEM
1021 MAIN STREET, SUITE 1150
HOUSTON, TEXAS 77002

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 02, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000594-C.

The style of the case is:

BENZI CRAIG
VS.
ARTHUR WOOD & SON AND MARMAXX OP. CORP. ET, AL.

Said petition was filed in said court by _____EDWARD E. ROBINSON_____
(Attorney for _____PLAINTIFF_____), whose address is
621 E. TYLER HARLINGEN, TEXAS  78550 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _2nd_ day of _FEBRUARY_, A.D. 2001.

CERTIFIED COPY



FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA DIST CLERK

FEB 0 2 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS

CAUSE NO. 2001-02-594-C

| | | |
|---|---|---|
| BENZI CRAIG | § | IN THE 97TH JUDICIAL |
| | § | |
| | § | |
| v. | § | |
| | § | DISTRICT COURT OF |
| | § | |
| ARTHUR WOOD & SON and | § | |
| MARMAXX OPERATING CORP. d/b/a | § | |
| MARSHALLS | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT JUDGE:

    This is a lawsuit brought by Benzi Craig against Marmaxx Operating Corp. d/b/a Marshalls and Arthur Wood & Son based on the following allegations of fact and law:

### 1. DISCOVERY CONTROL PLAN – LEVEL TWO

    All discovery in this suit will be conducted in accordance with and governed by Rule 190.3 of the Texas Rules of Civil Procedure.

### 2. PARTIES

    2.01. The Plaintiff is Benzi Craig, a natural person who resides in Harlingen, Cameron County, Texas.

    2.02. Defendant Arthur Wood & Son is a foreign corporation engaging in business in this state but not maintaining a regular place of business in this state and not having designated an agent in this state for service of process. Thus the Secretary of State for the State of Texas is an agent for substituted service of process on Arthur Wood & Son pursuant to § 17.044(b) of the Texas Civil Practice &

PLAINTIFF'S ORIGINAL PETITION – Page 1

CERTIFIED COPY

Remedies Code.  Defendant Arthur Wood & Son may be served by delivering citation, along with a certified copy of this petition, to the Secretary of State as agent for substituted service of process at P.O. Box 12079, Austin, Texas, 78711-2079.  Pursuant to Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention), the Secretary of State can forward the citation by mail to Arthur Wood & Son at its headquarters or home office address of Arthur Wood & Son (Longport) plc., Bradwell Works, Longport, Stoke-on-Trent, Staffordshire, ST6 4LL.

2.03.  Defendant Marmaxx Operating Corp. d/b/a Marshalls ("Marshalls"), is a foreign corporation engaging in business in this state and with its principal place of business in Framingham, Massachusetts.  It may be served by delivering citation, along with a certified copy of this petition, to its registered agent for service at the following address:  CT Corporations Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

## 3.   VENUE

All or substantially all of the events or omissions giving rise to the cause of action which forms the basis of this suit occurred in Cameron County, Texas.  Plaintiff also resided in Cameron County at the time this cause of action accrued.  Thus, venue is proper in Cameron County, Texas.

## 4.   JURISDICTION

The damages sought by Plaintiff are within the jurisdictional limits of this Court.

PLAINTIFF'S ORIGINAL PETITION – Page 2

**CERTIFIED COPY**

## 5.   FACTS

5.01.   On or about October 4, 2000, Plaintiff Benzi Craig purchased an earthenware teapot from the Marshall's department store in Harlingen Texas.  The teapot bore the brand name "Arthur Wood" on its base and on information and belief was manufactured by Defendant Arthur Wood & Son.  Arthur Wood & Son placed the teapot into the stream of commerce, and the teapot reached the ultimate consumer, Benzi Craig, from Defendant Arthur Wood & Son through Defendant Marshalls to Plaintiff.

5.02.   On or about October 18, 2000, Plaintiff used the teapot to prepare tea in her home.  Having filled the teapot with hot water, Plaintiff gripped the teapot by its handle and began carrying the teapot from a work area of her kitchen to a serving table.  Suddenly and without warning the base of the teapot fractured completely around its circumference, causing the base of the teapot to instantaneously and completely separate from the teapot's body.  The catastrophic failure of the teapot released the scalding water inside, which in turn caused severe, painful and disfiguring burns to Plaintiff's midriff.

## 6.   CAUSES OF ACTION AGAINST DEFENDANT
## ARTHUR WOOD & SON

### A. Strict Products Liability

6.01 At all times relevant to this suit, Defendant Arthur Wood & Son was engaged in the business of designing, manufacturing, marketing and/or distributing earthenware products for household use, including the teapot at issue in this case.  Defendant Arthur Wood & Son is strictly liable to plaintiff for manufacturing,

marketing and/or placing the teapot at issue into the stream of commerce. Such teapot was unreasonably dangerous at the time it left the control and custody of Defendant Arthur Wood & Son because the teapot contained manufacturing defects which caused the teapot to fail catastrophically without warning merely two weeks after it was purchased new and far in advance of its projected useful life. The teapot did not conform to the design standards of its manufacturer, or the kitchenware industry, due to deficiencies or imperfections in the manufacture, assembly, or materials used in building the teapot. Each such manufacturing defect was a producing and proximate cause of the accident and the injuries and damages suffered by Plaintiff.

## B. Negligence

6.02 Pleading further, Defendant Arthur Wood & Son was negligent in the manufacture, marketing and/or distribution of the teapot in question, which negligence was a proximate cause of the accident and the injuries and damages suffered by Plaintiff.

## C. Breach of Implied Warranty of Merchantability

6.03 Pleading further, Defendant Arthur Wood & Son breached the implied warranty of merchantability stated in § 2.314 of the Texas Business and Commerce Code by manufacturing, marketing and/or placing into the stream of commerce the defective teapot in question which, because of a lack of something necessary for adequacy, was not fit for the ordinary purposes for which such goods are used or which did not conform to the promises or affirmations of fact made on the materials

CSJPDF – www.tesisx.com

**CERTIFIED COPY**

or packaging accompanying the teapot. Such breach of warranty was a producing or proximate cause of the accident and the injuries and damages suffered by Plaintiff.

## 7.   CAUSES OF ACTION AGAINST DEFENDANT MARSHALLS

### A. Strict Products Liability

7.01 At all times relevant to this suit, Defendant Marshalls was engaged in the business of marketing and/or distributing consumer products, including earthenware products for household use such as those designed and manufactured by Defendant Arthur Wood & Son, including the teapot at issue in this case. Defendant Marshalls is strictly liable to plaintiff for marketing and/or placing the teapot at issue into the stream of commerce. Such teapot was unreasonably dangerous at the time it left the control and custody of Defendant Marshalls because the teapot contained manufacturing defects which caused the teapot to fail catastrophically without warning merely two weeks after it was purchased new and far in advance of its projected useful life. The teapot did not conform to the design standards of its manufacturer, or the kitchenware industry, due to deficiencies or imperfections in the manufacture, assembly, or materials used in building the teapot. Each such manufacturing defect was a producing and proximate cause of the accident and the injuries and damages suffered by Plaintiff.

CERTIFIED COPY

## B. Negligence

7.02  Pleading further, Defendant Marshalls was negligent in the marketing and/or distribution of the teapot in question, which negligence was a proximate cause of the accident and the injuries and damages suffered by Plaintiff.

## C. Breach of Implied Warranty of Merchantability

7.03  Pleading further, Defendant Marshalls breached the implied warranty of merchantability stated in § 2.314 of the Texas Business and Commerce Code by marketing and/or placing into the stream of commerce the defective teapot in question which, because of a lack of something necessary for adequacy, was not fit for the ordinary purposes for which such goods are used or which did not conform to the promises or affirmations of fact made on the materials or packaging accompanying the teapot.  Such breach of warranty was a producing or proximate cause of the accident and the injuries and damages suffered by Plaintiff.

## 8.   DAMAGES

8.01  Defendants Arthur Wood & Son and Marshalls are liable to Plaintiff Benzi Craig for her injuries and damages sustained due to the catastrophic failure of the teapot, past and future, as follows:

1. Physical pain and mental anguish;

2. medical expenses;

3. physical impairment;

4. disfigurement; and

4. loss of earning capacity.

**CERTIFIED COPY**

8.02   The actual damages sought by Plaintiff are in an amount within the jurisdictional limits of this Court.

**9.   CONDITIONS PRECEDENT**

All conditions precedent to the filing of this suit have occurred.

**10.   PRAYER**

**Wherefore**, Plaintiff Benzi Craig respectfully prays that this matter be set for trial at the first convenience of the Court and that, upon such trial, she have judgment of the Court against Defendant Arthur Wood & Son and Defendant Marmaxx Operating Corp. d/b/a Marshalls for her actual damages alleged herein, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

DATED: __January 31__, 2001.

Respectfully submitted,

**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, Texas  78550
(956) 428-3030
(956) 421-4339 (fax)
*rds@fleurietschell.com*

By: _____
Edward E. Robinson
State Bar No. 17089100

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFIED COPY**

# JURY DEMAND

TO THE HONORABLE DISTRICT CLERK:

Plaintiff Benzi Craig hereby demands a jury in this cause.

Edward E. Robinson

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-18-01
BY _____ DEPUTY

**PLAINTIFF'S ORIGINAL PETITION – Page 8**

# CERTIFIED COPY

**EXHIBIT**

**2**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by *(Please Print Clearly)* | B. Date of Delivery

Danielle Reich  2-10-01

C. Signature



X ☐ Agent  ☐ Addressee

1. Article Addressed to:

MARAMAXX OPERATING CORP.
BY SERVING IT;S REGISTERED
AGENT: C.T. CORPORATION SYSTEM
1021 MAIN STREET, SUITE 1150
HOUSTON, TEXAS 77002

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number *(Copy from service label)*

1700901619

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-1789

# CERTIFIED COPY

Cause No. 2001-02-594-C

| | | |
|---|---|---|
| BENZI CRAIG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ARTHUR WOOD & SON and MARMAXX | § | |
| OPERATING CORP. d/b/a MARSHALLS | § | 197TH JUDICIAL DISTRICT |

FILED _____ O'CLOCK _____

AURORA DE LA GARZA DIST. CLERK

## DEFENDANT'S ORIGINAL ANSWER

MAR 0 9 2001

TO THE HONORABLE JUDGE OF SAID COURT:

DISTRICT COURT OF CAMERON COUNTY, TEXAS

COMES NOW MARMAXX OPERATING CORP. D/B/A MARSHALLS, Defendant in

the above-entitled and numbered cause, and in answer to Plaintiff's Original Petition,

would respectfully show unto the Court as follows:

I.

Defendant denies each and every, singular and all, the allegations of Plaintiff's

Original Petition contained, say that the allegations therein are not true, either in whole or

in part, and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant, MARMAXX OPERATING

CORP. D/B/A MARSHALLS, prays that Plaintiff take nothing by reason of this suit, that the

Defendant be discharged and that it go hence with its costs without day, and for all such

other and further relief, both general and special, at law and in equity, to which this

Defendant may show to be justly entitled.

Respectfully submitted,

MARSHALL G. ROSENBERG

**EXHIBIT**

tabbies

3

**CERTIFIED COPY**

TBA No. 12771450

2700 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1063
Telecopier No. 652-2419
(713) 759-1990

ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP. D/B/A
MARSHALLS

OF COUNSEL

GIESSEL, BARKER & LYMAN, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record by telecopier, certified mail, return receipt requested, and/or by messenger, on this _6TH_ day of March, 2001.

MARSHALL G. ROSENBERG

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-15-01
BY
DEPUTY

-2-

**CERTIFIED COPY**

Cause No. 2001-02-594-C

| | | |
|---|---|---|
| BENZI CRAIG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ARTHUR WOOD & SON and MARMAXX | § | |
| OPERATING CORP. d/b/a MARSHALLS | § | 197TH JUDICIAL DISTRICT |

### NOTICE OF FILING REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that Defendant MARMAXX OPERATING CORP. D/B/A MARSHALLS, has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of Cause No. 2001-02-594C, styled "Benzi Craig v. Arthur Wood & Son and Marmaxx Operating Corp. d/b/a Marshalls", which is currently pending in the 197th Judicial District Court of Cameron County, Texas, a true and correct copy of which Notice of Removal is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes. Pursuant to 28 U.S.C. § 1446d, this Court shall proceed no further unless and until this cause is remanded.

1: 369413
55555: 55555

**EXHIBIT**

tabbies

4

**CERTIFIED COPY**

Respectfully submitted,

MARSHALL G. ROSENBERG
TBA No. 12771450

2700 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1063
Telecopier No. 652-2419
(713) 759-1990

ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP. D/B/A
MARSHALLS

OF COUNSEL

GIESSEL, BARKER & LYMAN, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record by telecopier, certified mail, return receipt requested, and/or by messenger, on this 15th day of March , 2001.

MARSHALL G. ROSENBERG

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-15-01
BY M. Torri DEPUTY

1: 369413
55555: 55555

**CERTIFIED COPY**

Cause No. 2001-02-594-C

| | | |
|---|---|---|
| BENZI CRAIG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ARTHUR WOOD & SON and MARMAXX | § | |
| OPERATING CORP. d/b/a MARSHALLS | § | 197TH JUDICIAL DISTRICT |

### <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE U. S. DISTRICT COURT:

Defendant MARMAXX OPERATING CORP. D/B/A MARSHALLS, files this Notice

of Removal to the United States District for the Southern District of Texas, Brownsville

Division, for the reasons stated below:

     1.    MARMAXX OPERATING CORP. D/B/A MARSHALLS is a Defendant in

Cause No. 00-06449-00-0-B, styled Benzi Craig v. Arthur Wood & Son and Marmaxx

Operating Corp. d/b/a Marshalls, filed in the 197th District Court of Cameron County,

Texas. This Notice of Removal is filed in the United States District Court for the Southern

District of Texas within the time allowed by law for removal of civil actions pursuant to 28

U.S.C. § 1332 and § 1441(b). A copy of Plaintiff's Original Petition, the first pleading

served on Defendant, is attached as Exhibit "A."

**CERTIFIED COPY**

2.     MARMAXX OPERATING CORP. D/B/A MARSHALLS has also attached as Exhibit "B" all other pleadings, orders and process that it has received as required by 28 U.S.C. § 1446(a).

3.     The United States District Court for the Southern District of Texas, Brownsville Division, is the district and division having jurisdiction over the place where the state court action is pending.

4.     A copy of this Notice of Removal will be filed with the clerk of the District Court of Cameron County, Texas, as required by 28 U.S.C. § 1446(d).

5.     This suit involves a controversy between citizens of different states.  At the time of the filing of this action and at the time of removal, Plaintiff was a citizen of the State of Texas. MARMAXX OPERATING CORP. D/B/A MARSHALLS was, and is, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Massachusetts.

6.     It is believed that Plaintiff will allege an amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interests and costs.  Plaintiff claims that Defendant was negligent, breached a warranty of merchantability and is strictly liable for the sale of a tea pot which allegedly injured Plaintiff.  Plaintiff claims that the negligence resulted in burns and physical injuries.  Plaintiff's damage claims include claims for pain and suffering, medical care, physical impairment, disfigurement and loss of earning capacity.

1  369413
55555: 55555

**CERTIFIED COPY**

7.    Plaintiff has not filed any pleadings in this cause in state court other than her Original Petition.  Defendant has not filed any pleadings in this cause in state court other than its Original Answer and Jury Demand.  Copies of these are attached hereto.

8.    Promptly after the filing of this Notice of Removal, written notice of such filing is being given by MARMAXX OPERATING CORP. D/B/A MARSHALLS to Plaintiff as required by law and a copy of this notice is being delivered to Plaintiff.

9.    The first day that this case became removable was on or about February 20, 2001 when Defendant was served Plaintiff's Original Petition.  At that time, the amount in controversy and the diversity of parties were established to provide the basis for removal jurisdiction.  This notice of removal is timely filed.

10.    No other named defendants have been served as of the time of this removal.

Respectfully submitted,

MARSHALL G. ROSENBERG
TBA No. 12771450

2700 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1063
Telecopier No. 652-2419
(713) 759-1990

ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP. D/B/A
MARSHALLS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
_____ DEPUTY

OF COUNSEL

GIESSEL, BARKER & LYMAN, P.C.

1: 369413
55555: 55555

# CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record by telecopier, certified mail, return receipt requested, and/or by messenger, on this 15th day of March, 2001.

MARSHALL G. ROSENBERG



TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
District Court, CAMERON COUNTY, TEXAS
DATE
DEPUTY

1: 369413
55555: 55555

**CERTIFIED COPY**

## <u>LIST OF COUNSEL</u>

Edward E. Robinson
TBA No. 17089100
The Flueriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas  78550
Telephone: (956) 428-3030
Telecopier: (956) 421-4339

ATTORNEYS FOR PLAINTIFF
BENZI CRAIG


MARSHALL G. ROSENBERG
TBA No. 12771450
GIESSEL, BARKER & LYMAN, INC.
2700 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1063
Telecopier No. (713) 652-2419
(713) 759-1990

ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP. D/B/A MARSHALLS


1. 369413
55555: 55555

**CERTIFIED COPY**

<u>**LIST OF PARTIES**</u>

Plaintiff:            Benzi Craig

Defendants:        Marmaxx Operating Corp. d/b/a Marshalls, and Arthur Wood & Son

     The current status of this removed case is that it was pending in State District Court in Cameron, County, Texas.

1: 369413
55555: 55555

CutePDF - www.fineix.com

**CERTIFIED COPY**

## INDEX OF ATTACHMENTS

Exhibit "A"                    Plaintiff's Original Petition/Citation

Exhibit "B"                    Defendant Marmaxx Operating Corp. d/b/a Marshalls
                              First Original Answer and Counterclaim; Application for
                              Jury Trial

                              District Court Removal Notice

                              No Docket Sheet existed at the time of this removal

                              List of Counsel

                              List of Parties

1: 369413
55555: 55555

**CERTIFIED COPY**

## INDEX OF ATTACHMENTS

Exhibit "A"                    Plaintiff's Original Petition/Citation

Exhibit "B"                    Defendant Marmaxx Operating Corp. d/b/a Marshalls
                              First Original Answer and Counterclaim; Application for
                              Jury Trial

                              District Court Removal Notice

                              No Docket Sheet existed at the time of this removal

                              List of Counsel

                              List of Parties

1: 369413
55555: 55555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BENZI CRAIG,                          §
    *Plaintiff*              §
                                     §
v.                                    §    CIVIL ACTION NO. B-01-061
                                     §
ARTHUR WOOD & SON, *ET AL.*,          §
    *Defendants*             §

### AFFIDAVIT OF EDWARD E. ROBINSON IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

**BEFORE ME**, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **Edward E. Robinson**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1.    My name is Edward E. Robinson.  I reside at 2702 Clifford Street, Harlingen, Texas 78550.  I am over the age of eighteen and I am fully competent to make this affidavit.  I have personal knowledge of the facts contained herein and they are all true and correct.

2.    I am attorney of record for Benzi Craig, plaintiff in this suit.  In that connection, the tasks that I have performed include legal research regarding issues of removal and remand and preparation and filing of Plaintiff's Motion to Remand.

3.    I have been been licensed to practice law in Texas since 1989.  I have practiced civil litigation in Cameron County, Texas for over two years.  It is my opinion that $750.00 is a reasonable charge for attorneys fees and costs necessary to prepare and file Plaintiff's Motion to Remand.  It is also my opinion that all services which I rendered to Benzi Craig in connection with Plaintiff's Motion to Remand were necessary for the proper representation of Craig in this matter.

AFFIDAVIT OF EDWARD E. ROBINSON IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND– Page 1



EXHIBIT

5

4.      Further Affiant sayeth not.

Edward E. Robinson

**SUBSCRIBED AND SWORN TO** before me, the undersigned authority, by the said **Edward E. Robinson** on the _23rd_ day of May, 2001, to certify which witness my hand and seal of office.



ISABEL R. MEJIA
Notary Public
STATE OF TEXAS
My Comm Exp May 11, 2002

Notary Public in and for
The State of Texas

My Commission Expires: May 11, 2002

**AFFIDAVIT OF EDWARD E. ROBINSON IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND– Page 2**