IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Benzi Craig, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-061 |
| Arthur Wood & Son, et al., | § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on August 15, 2001, the Court **GRANTED** the Plaintiff's Motion for Remand [Dkt. No. 4].

### I.     Removal was procedurally defective

A defendant who wishes to remove a civil action from state court must file a notice of removal in the district court. 28 U.S.C. § 1446(a). This notice of removal *shall be filed within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based (emphasis added). 28 U.S.C. § 1446(b). Thus, if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. See Evett v. Consolidated Freight Corp., 110 F.Supp.2d 510, 512 (E.D. Tex. 2000), citing Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992). Removal statutes are to be construed strictly against removal and for remand, and a failure to timely file a notice of removal is a defect that requires remand to state court. See id., citing Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996) and Royal v. State Farm Fire & Cas. Co., 685 F.2d 124, 127 (5th Cir. 1982). The statutory time limitation cannot be extended by stipulation of the parties or by order of the court. See Par Industries, Inc.

v. Target Container Co., 1992 WL 152598, *2 (N.D. Miss.), citing Albonetti v. GAF Corp. Chemical Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981).

Plaintiff in this case alleges that removal was untimely because Defendant Marmaxx Operating Corporation ("Marmaxx") failed to file its notice of removal within thirty days of its receipt of service.[1] Plaintiff filed her state court petition on February 2, 2001. Defendant received the petition on February 20, 2001. Therefore, the first day this case became removable was on February 20, 2001, when Marmaxx was served with Plaintiff's state court petition indicating this case was removable [Dkt. No. 1, ¶ 9]. Marmaxx then had thirty days after February 20, 2001, or until March 22, 2001, to properly file its notice of removal in federal court. Although it appears that Marmaxx filed a notice of removal in state court on March 20, 2001 [Dkt. No. 4, Exh. 4], Marmaxx was required to file its notice of removal by March 22, 2001 in *federal* court. 28 U.S.C. § 1446(a). As it was, Marmaxx untimely filed its notice of removal in federal court on April 24, 2001, well past its March 22, 2001 deadline.

The notice of removal is procedurally defective on the ground that Marmaxx did not comply with the mandatory thirty day time limitation. This defect has not been waived by the Plaintiff and cannot be cured now.[2] Therefore, since Marmaxx failed to timely file its notice of removal pursuant to the strict removal statutes, the Court

---

[1] Defendant Arthur Wood & Son was not required to join the removal petition because it was never served with process prior to the petition for removal. See Albonetti, 520 F.Supp. at 827 ("The reason... is clear: a defendant not served may never be served... and unless [a defendant who has been served] can make effective application alone, his right to removal may be lost")(citations omitted).

[2] 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." See Vicknair v. All Service Machine Shop, Inc., 1998 WL 290207, *2 (E.D. La.). By not moving to remand within 30 days of the notice of removal, a party waives its right to object to any removal defects except for lack of original subject matter jurisdiction. See id. (citations omitted). Although a plaintiff can waive a procedural defect in removal by failing to file a timely motion to remand, the Plaintiff in this case has filed a timely motion to remand and has not waived the defect. See Spillers v. C.R. Tillman, 959 F.Supp. 364, 372 (S.D. Miss. 1997).

2

**GRANTS** the Plaintiff's Motion for Remand [Dkt. No. 4] and **REMANDS** this action to the 197th Judicial District Court of Cameron County, Texas.

## II.  Award of attorney fees and costs

Plaintiff also seeks her actual expenses, including attorney fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1447(c) authorizes the court to award "actual expenses, including attorney fees," should it find that it was improper for the defendant to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of removal and the nature of the remand. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993), citing 28 U.S.C. § 1447, Commentary on 1988 Revision. Central to the determination of whether attorney fees should be granted is the propriety of the defendant's decision to remove. See Garcia v. Amfels, Inc., 254 F.3d 585, 587 (5th Cir. 2001); Miranti, 3 F.3d at 928. The imposition of expenses is reserved for cases where the removal was made in bad faith or the non-removability of the action was obvious from the face of the petition. See Fidelity Funding, Inc. v. Pollution Research and Control Corp., 1999 WL 20955, *4 (N.D. Tex.), citing Recognition Communications, Inc. v. American Automobile Ass'n, 1988 WL 119528, *6 (N.D.Tex.). The decision to award attorney fees is reviewed for an abuse of discretion. See Miranti, 3 F.3d at 928, citing Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 291 (5th Cir. 2000).

On the other hand, an award of costs has never been predicated on a finding of bad faith, negligent or frivolous removal. See Miranti, 3 F.3d at 929. Unlike attorney fees, no such restriction on the court's discretion to award costs is suggested. See id.

Marmaxx based its removal on alleged diversity jurisdiction: (1) Plaintiff is a citizen of Texas and Marmaxx is a corporation incorporated in Delaware with its principal place of business in Massachusetts; and (2) it appeared that the amount in controversy exceeded $75,000. In her state court petition, the Plaintiff did not request a specific sum in total damages, and simply made claims for pain and suffering, physical impairment, disfigurement and loss of earning capacity. Although it is not stated

3

whether Marmaxx attempted to persuade the Plaintiff to stipulate that her damages exceeded the amount in controversy requirement for diversity jurisdiction, based on the Plaintiff's asserted claims Marmaxx reasonably believed that the potential judgment would exceed the $75,000 requirement [Dkt. No. 1, ¶ 6].

Moreover, the nature of the remand is such that Marmaxx missed a filing deadline, rendering its notice of removal procedurally defective. While it would seem unreasonable for Marmaxx to believe that removal would be proper in April 2001, it appears that it did attempt to comply with the removal statute by filing a notice of removal, albeit in the wrong court -- Marmaxx mistakenly filed its notice of removal in state court prior to the thirty day removal deadline.

In sum, removability of the action was obvious from the face of the petition and was apparently based on the good faith belief that diversity jurisdiction existed. But for a procedural defect, this case would properly belong in federal court. As such, the Court **DENIES** the award of expenses in attorney fees, based on the propriety of Marmaxx's decision to remove and the procedural, as opposed to substantive, nature of the remand. In addition, the Court would have been inclined to award costs; however, Plaintiff's counsel did not provide a figure for costs in the attached affidavit, but only a total figure of $750.00 representing attorney fees plus costs. Therefore, since the Court does not know what her exact costs were in bringing the remand motion, the Court hereby **DENIES** an award of costs in its discretion.

DONE at Brownsville, Texas, this 15th day of August 2001.

Hilda G. Tagle
United States District Judge